IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY DAILEY,

      Plaintiff,

v.

                                                         1:17-cv-00542-KRS

NANCY BERRYHILL, Acting Commissioner
of the Social Security Administration,

      Defendant.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REMAND AND REMANDING TO AGENCY FOR FURTHER PROCEEDINGS

Michael Anthony Dailey seeks review of the Social Security Administration's final action finding him not disabled under Titles II and XVI of the Social Security Act. After the agency denied his applications for disability insurance benefits and supplemental security income initially and on reconsideration, Dailey received a hearing before an Administrative Law Judge ("ALJ"). (AR 36-76; 79-121). In the written decision that followed, the ALJ determined at step three of the five-part sequential process for evaluating disability, *see* 20 C.F.R. §§ 404.1520(b), 416.920(b), that none of Dailey's physical and mental conditions qualified as *per se* disabling under the agency's Listing of Impairments. (AR 18-21); 20 C.F.R. pt. 404, subpt. P, app. 1. At steps four and five, the ALJ concluded that, while Dailey could no longer work as an auto-mechanic helper, there exist sufficient small-product-assembler, hand-packager-inspector, and laundry-sorter jobs in the national economy for which he retained the residual functional capacity ("RFC") to perform. (AR 21-28).

Dailey argues the ALJ erred in her step-three determination, fashioning an RFC that did not include all of his physical and mental limitations, and determining that he could perform

available work despite his functional limitations. The Court reviews the ALJ's determination for substantial evidence and to determine whether the ALJ followed the law. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). Having so reviewed and with consent of the parties to render a final decision in this matter, *see* 28 U.S.C. § 636(c); (Doc. 9), the Court grants in part Dailey's motion to remand (Doc. 20) and remands the matter to the agency for further proceedings.

The ALJ properly discussed the evidence and explained why Dailey did not satisfy Listing 1.02 and 1.03's common "ineffective ambulation" criterion. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996); *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [the Listing] criteria, no matter how severely, does not qualify); 20 C.F.R. pt. 404, subpt. P, app. 1. Although Dailey injured his knee, ankle, and foot while fleeing from police, reinjured the ankle in prison, underwent surgery on the ankle, and used a cane to walk, the ALJ explained that Dailey "carried out his daily activities with the use of an assistive device" and "could drive to therapy sessions, for his medication, and to his courses." (AR 20-22).

Dailey is correct that "driving" is not part of either Listing 1.02 or 1.03, but the ability to travel to and from school without a companion defines "effective ambulation" as used in the regulations. 20 C.F.R. pt. 404, subpt. P, app. 1, § 100(B); *see also Duvall v. Berryhill*, 2017 U.S. Dist. LEXIS 57955, at *8 n.4 (W.D. Ky. Apr. 17, 2017) (driving to work considered in the ambulation inquiry); *Reyes v. Astrue*, 2011 U.S. Dist. LEXIS 126695, at *26 (E.D. Cal. Nov. 1, 2011) (explaining that driving children to school exhibits "an ability to ambulate effectively"). Dailey's use of a cane, while indicative of difficulty in walking, also does not preclude a finding of "effective ambulation." Under the regulations, ambulation is "ineffective" where the

assistive device limits the use of *both* upper extremities, but "effective" where the individual is "able to carry out the activities of daily living." 20 C.F.R. pt. 404, subpt. P, app. 1,§ 1.00(B)(2). Dailey does not point the Court to medical evidence of "an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with [his] ability to independently initiate, sustain, or complete activities." *Id.* The ALJ's determination as to ambulation, therefore, was neither contrary to law nor unsupported in the record.

By contrast, the ALJ did not give specific, legitimate reasons for disregarding extreme limitations assessed by treating psychiatrist, Teresa O'Brien, MD, and treating therapist, Nic Sedillo, LMHC, on Dailey's social functioning, marked limitations on Dailey's concentration, persistence, and pace, and the existence of numerous episodes of decompensation. *See Clifton*, 79 F.3 at 1009. There appears to be no dispute that, if credited, these limitations would satisfy the medical criteria for one or more of Listings 12.02 for cognitive disorders, 12.03 for schizophrenia, 12.04 for depression 12.06 for anxiety, and 12.08 for personality disorders. The ALJ designated the limitations as "incompatible" with the function report and "records from therapy sessions [and/or] other medical records where the claimant had appropriate mood, affect, and was oriented," but did not explain why these "appropriate" attributes preclude a disabling impairment at step three. *See Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("A person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition").

Unmentioned by the ALJ are other portions of the same records documenting daily auditory and/or visual hallucinations despite Dailey's "appropriate" affect and stable mood. (AR 728; 729; 758). In progress notes, Dailey was also assessed as anxious, restless, irritable, agitated, depressed, delusional, and labile, or combinations thereof. (AR 737; 740; 745; 747;

750; 752; 754; 756; 757; 762). During one session, Dr. O'Brien described Dailey as "very paranoid and psychotic" and noted Dailey was excited and cried. (AR 749). During another appointment, Mr. Sedillo characterized Dailey's cognitive thought process as "hallucinating." (AR 753). The ALJ was not permitted to pick among and choose from the parts of the therapy records that supported a finding of non-disabled, without discussing the evidence that fairly detracted from that conclusion. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). While there may have been many reasons to reject Dr. O'Brien and Mr. Sedillo's extreme and marked limitations, the ALJ's cited grounds lack are insufficient.

Because the agency will need to reevaluate Dr. O'Brien and Mr. Sedillo's limitations on remand and proper consideration of the providers' assessments could affect other aspects of the sequential process, the Court does not reach Dailey's remaining arguments about the deficient RFC and the ALJ's conclusion that Dailey could perform work that in the national economy in light of his physical and mental limitations. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

**IT IS, THEREFORE, ORDERED** that Dailey's motion to remand (Doc. 20) is **GRANTED IN PART** and the matter is remanded to the Commissioner for further proceedings consistent with this order.

                                                         KEVIN R. SWEAZEA
                                                        UNITED STATES MAGISTRATE JUDGE
                                                        Presiding by Consent